# United States District Court

SOUTHERN DISTRICT OF NEW YORK

1199 SEIU UNITED HEALTHCARE WORKERS EAST,

V.

AFFINITY SKILLED LIVING AND REHABILITATION CENTER
A/K/A OAKWOOD CARE CENTER

**SUMMONS IN A CIVIL CASE**

JUDGE STEIN

CASE NUMBER: 08 CIV 6903

TO: (Name and address of Defendant)

Affinity Skilled Living and Rehabilitation Center
a/k/a Oakwood Care Center
305 Locust Avenue
Oakdale, NY 11769
631-218-5000

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

HANAN B. KOLKO, ESQ.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 BROADWAY, SUITE 501
NEW YORK, NY 10018

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

DATE  AUG - 1 2008

American LegalNet, Inc.
www.FormsWorkflow.com

AO 440 (Rev. 10/93) Summons in a Civil Action –SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
             Date                          Signature of Server

                                          _____
                                          Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

American LegalNet, Inc.
www.FormsWorkflow.com

96874

08 CIV 6903

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
1199 SEIU UNITED HEALTHCARE WORKERS
EAST,

                       Plaintiff,

                       **COMPLAINT**

AFFINITY SKILLED LIVING AND
REHABILITATION CENTER
A/K/A OAKWOOD CARE CENTER

                       Defendant.
------------------------------------------------------------- X

        Plaintiff, 1199 SEIU UNITED HEALTHCARE WORKERS EAST ("Plaintiff" or "Union"), by its attorneys, Meyer, Suozzi, English & Klein, P.C., as and for its Complaint respectfully alleges as follows:

### NATURE OF PROCEEDING

    1.    Plaintiff sues to confirm a labor arbitration award pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185(c).

### JURISDICTION

    2.    This Court has jurisdiction over this proceeding pursuant to Section 301(c) of the LMRA, 29 U.S.C. Section 185(c).

### VENUE

    3.    Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. Section 185(a).

### THE PARTIES

    4.    Plaintiff Union, whose offices are located at 310 West 43rd Street, New York, New York, is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. Section 152(5).

5. Defendant Affinity Skilled Living and Rehabilitation Center ("Affinity") is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. Section 152(2). Affinity's activities affect commerce within the meaning of Sections 2(6) and 2(7) of the LMRA, 29 U.S.C. Section 152(6) and (7).

## BACKGROUND

6. Pursuant to a Memorandum of Agreement dated June 2, 2005 (the "MOA") Affinity and the Union are bound by a collective bargaining agreement.

7. Section 11 of the MOA requires that Affinity make payments to the 1199/SEIU Greater New York Benefit Fund ("Benefit Fund"), the 1199/SEIU Greater New York Pension Fund ("Pension Fund"), the 1199/SEIU Greater New York Education Fund ("Education Fund"), the 1199/SEIU Greater New York Child Care Fund ("Child Care Fund"), the 1199/SEIU Job Security Fund ("Job Security Fund") and the 1199/SEIU Worker Participation fund ("Worker Participation Fund") for all covered employees.

8. Pursuant to Paragraph 20 of the MOA, except as specified in the MOA, Affinity will follow the terms of the contract between the Union and the Greater New York Health Care Facilities Association, (the "CBA").

9. In accordance with the CBA, any unresolved dispute concerning an employer's failure to make required contributions to the Pension, Benefit, Education, Child Care, Worker Participation, and Job Security Funds (together, the "Funds") is submitted to a designated Impartial Chairman to render a final and binding decision.

10. Section 9 of the CBA contains a broad arbitration provision under which the Union submitted to arbitration a dispute concerning Affinity's failure to remit payment

of contributions on behalf of its employees to the Funds.

### AS AND FOR ITS FIRST CAUSE OF ACTION

11.   The Union repeats and re-alleges the allegations set forth in paragraphs "1" through "10" as stated above.

12.   In accordance with the CBA, the Union submitted to arbitration before a duly designated Arbitrator, Martin F. Scheinman, Esq., a dispute concerning Affinity's failure to remit contributions to the Funds due and owing for the period June 1, 2005 through August 31, 2007.

13.   In accordance with notice duly given, Arbitrator Scheinman held a hearing on September 19, 2007 concerning Affinity's failure to remit contributions to the Funds.

14.   After due consideration of all the evidence presented, in an award dated December 13, 2007 ("the December 13 Award") Arbitrator Scheinman ruled that Affinity violated the CBA by failing to make the required contributions to the Funds. A copy of the December 13 Award is attached as Exhibit 1. The Arbitrator directed Affinity to pay the Funds as follows:

**Benefit Fund**

$87,122.12

**Education Fund**

$75.67

**Child Care Fund**

$1,846.05

**Job Security Fund**

$945.48

**Worker Participation Fund**

$1,179.17

"Failure to pay in a timely fashion shall result in interest accruing at the interest rate of twelve percent (12%) per annum." December 13 Award at p. 4.

   19. The Arbitrator sent written notice of his award to the Union and Affinity.

   20. Affinity has failed and refused, and continues to fail and refuse, to fully comply with the December 13 Award, although it has made partial payment of the amount due; and thus owes a principal amount of $13,275.60.

   WHEREFORE, the Union respectfully prays for an Order and Judgment:

   1. Confirming the December 13 Award of Martin F. Scheinman, Esq.

   2. Directing Affinity to pay the Funds the $13,275.60 plus 12% interest from January 13, 2008 until payment is received.

   3. Granting such other and further legal and equitable relief as the Court may deems just and proper, together with the reasonable attorney's fees and costs and disbursements for this proceeding.

Dated: New York, New York
   July 31, 2008

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

_____
Hanan B. Kolko (HK 1307)
Attorneys for Plaintiff
1350 Broadway, Suite 501
P.O. Box 822
New York, New York  10018-0026
212-239-4999
hkolko@msek.com

96764

# EXHIBIT 1

AWARD OF THE IMPARTIAL CHAIRMAN
-----------------------------------X
In the Matter of the Arbitration                    X

      between
                                              X  Re:  Delinquencies
AFFINITY SKILLED LIVING AND                     June 1, 2005 -
REHABILITATION CENTER                          X      August 31, 2007

              "Home"                        X

     -and-                              X

1199SEIU UNITED HEALTHCARE             X
WORKERS EAST
                                     X

              "Union"                       X
-----------------------------------X

**APPEARANCES**

    <u>For the Home</u>

    LAW OFFICES OF MORRIS TUCHMAN
       J. Ari Weiss, Esq.


    <u>For the Union</u>

    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
       Linda E. Rodd, Esq., of Counsel




**BEFORE:** Martin F. Scheinman, Esq., Impartial Chairman

OPINION

The undersigned is designated as Impartial Chairman in a Collective Bargaining Agreement between Affinity Skilled Living and Rehabilitation Center ("Home") and 1199SEIU United Healthcare Workers East ("Union").

The Union filed a Demand for Arbitration on behalf of the 1199/SEIU Greater New York Benefit Fund and the 1199/SEIU Greater New York Worker Participation Fund ("Funds") seeking contributions for the Home's alleged delinquencies in contributions for the period June 1, 2005 through August 31, 2007.

A hearing was held on September 19, 2007. At that time, both parties were afforded full opportunity to introduce evidence and argument in support of their respective positions. They did so. The hearing and record were declared closed on September 19, 2007.

For some time, the parties haven been in dispute as to the interpretation of their Collective Bargaining Agreement, namely the issue of contributions for wages above the master rate and the applicability of the employment credit. I have requested further evidence on these issues. It has now been supplied. Based upon my analysis of their Agreement, and a review of the

documents supplied, I conclude the Home is required to pay at Master Rates and that the employment credit applies to the Home.

As a result, subject to any payments made, the amounts due to the Funds through August 31, 2007, are as follows:

| | |
|---|---|
| 1199/SEIU Greater New York Benefit Fund | $ 87,122.12 |
| 1199/SEIU Greater New York Education Fund | $ 75.67 |
| 1199/SEIU Greater New York Child Care Fund | $ 1,846.05 |
| 1199/SEIU Greater New York Job Security Fund | $ 945.48 |
| 1199/SEIU Greater New York Worker Participation Fund | $ 1,199.17 |

These amounts must be paid within thirty (30) calendar days. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

AWARD

1. Subject to audit, the Home owes the various Greater New York Funds the amounts listed below as a result of delinquencies through August 31, 2007:

| | |
|---|---|
| 1199/SEIU Greater New York Benefit Fund | $ 87,122.12 |
| 1199/SEIU Greater New York Education Fund | $ 75.67 |
| 1199/SEIU Greater New York Child Care Fund | $ 1,846.05 |
| 1199/SEIU Greater New York Job Security Fund | $ 945.48 |
| 1199/SEIU Greater New York Worker Participation Fund | $ 1,199.17 |

1. These amounts must be paid within thirty (30) calendar days of this Opinion and Award.

2. Failure to pay in a timely fashion shall result in interest accruing at the rate of twelve percent (12%), per annum. Whether payment is made in a timely fashion is determined by the date the Funds' Office <u>receives</u> actual payment.

December 13, 2007.

Martin F. Scheinman, Esq.
Impartial Chairman

STATE OF NEW YORK       )
                        )   SS:
COUNTY OF NASSAU        )

4

I, MARTIN F. SCHEINMAN, ESQ., do hereby affirm upon my oath as Arbitrator that I am the individual described herein and who executed this instrument, which is my Award.

December 13, 2007.

_____
Martin F. Scheinman, Esq.
Impartial Chairman

AFFINIT.DEL.AWD3